FEDERICO ALCALÁ FERNÁNDEZ, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. LUIS R. POLO, JUEZ, demandado.

Núm. 1662.—*Sometido:* Junio 24, 1946. *Resuelto:* Julio 16, 1946.

*Benjamín Ortiz y Álvaro Ortiz,* abogados del peticionario; *Hon. Procurador General E. Campos Del Toro, L. Negrón Fernández, Primer Procurador General Auxiliar,* y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 14 de julio de 1944 se radicó contra el peticionario una acusación por un delito de hurto mayor y el mismo día prestó

fianza para permanecer en libertad provisional. Celebrado el juicio por tribunal de derecho, el peticionario fué convicto del delito imputádole y sentenciado el 14 de febrero de 1945. Ese día presentó escrito de apelación para ante este Tribunal y radicó fianza para establecer apelación, la cual fué aprobada por la corte en la misma fecha. La apelación fué desestimada por este Tribunal el 7 de mayo de 1945 y el mismo día el peticionario radicó un segundo escrito de apelación, siendo desestimado este segundo recurso el 20. de mayo último. Una vez desestimada la segunda apelación y antes de que el peticionario empezara a extinguir la sentencia, radicó en la corte inferior el 7 de junio último, una moción solicitando el beneficio de la Ley núm. 259, aprobada con efecto inmediato el 3 de abril de 1946.(¹) Oída la moción del peticionario, el 10 de junio último la corte inferior la desestimó y ordenó la ejecución de la sentencia. Los fundamentos que tuvo el juez para denegar la moción del peticionario los expresó así:

"La Corte entiende que no procede la suspensión de la sentencia porque cuando ésta fué dictada en 14 de febrero de 1945, aún no estaba en vigor, ni siquiera había sido presentada en la Legislatura, la Ley núm. 259.

---

(¹)El art. 2 de la Ley núm. 259 ((1) pág. 535) dice así:

"El efecto de la sentencia que se imponga a toda persona que cometa cualquier delito grave que no sea asesinato en primer grado, deberá ser suspendida y el sentenciado puesto a prueba, siempre que, al tiempo de imponer dicha sentencia, concurran los siguientes requisitos: (a) que el acusado no haya sido convicto, sentenciado y recluído en prisión por delito alguno con anterioridad a la comisión del delito por el cual está siendo procesado, (b) que el delito cometido no evidencie aquel grado de deformación moral que hace indispensable que, para poder intentar su reforma, se recluya al delincuente en un establecimiento penal, (c) que la corte sentenciadora tenga ante sí un informe que le haya sido rendido por un Oficial Probatorio de la Corte o de la Junta de Libertad Bajo Palabra, después de dicho Oficial Probatorio haber practicado una investigación minuciosa de las circunstancias del delito cometido, los antecedentes de familia e historia social del acusado; y que tal investigación revele que dicho acusado siempre fué un ciudadano respetuoso y cumplidor de la ley; *Disponiéndose*, que, la corte sentenciadora fijará las condiciones bajo las cuales el acusado será puesto a prueba. *Disponiéndose, además,* que la corte podrá, a su discreción, además de poner a prueba al sentenciado, imponerle una multa en proporción a la naturaleza del delito cometido."

"Que la sentencia que ha de cumplir el acusado, es decir, la sentencia condenatoria es la de esta corte y no la sentencia del Tribunal Supremo, confirmando la de este Tribunal, de acuerdo con lo resuelto en el caso *Rivera* v. *Saldaña*, 62 D.P.R. página 441."

De esa resolución el peticionario recurrió para ante este Tribunal por *certiorari*. La cuestión a resolver es si la referida Ley núm. 259 es aplicable a sentencias dictadas con anterioridad a su vigencia, pero que en virtud de apelación quedaron firmes con posterioridad a dicha fecha.

■■ La ley en cuestión, ni en su letra ni en su espíritu, exige que la suspensión del efecto de la sentencia haya de decretarse indefectiblemente en el momento de su imposición por la corte de jurisdicción original. Lo que requiere la ley es que en ese momento existan las circunstancias expresadas en su art. 2. Naturalmente, que para darle cumplido efecto a la ley, la suspensión debe decretarse antes de que la sentencia empiece a cumplirse. Esto es así, porque desde ese momento lo que procede es la libertad bajo palabra o el indulto que puede tener efecto desde el momento en que se haya cometido el delito. *Ex parte Garland,* 4 Wall. 333 (U. S. 1866).

*The Probation Act,* 18 U.S.C.A. secciones 724–727, concede poder discrecional a las cortes federales para suspender y poner a prueba al acusado después de su convicción o de una alegación de culpabilidad o de *nolo contendere.* Bajo esa ley se ha resuelto consistentemente que las cortes de distrito federales pueden hacer uso del poder de suspender sentencias al devolvérsele el mandato confirmando la sentencia, siempre que el acusado no haya empezado a extinguirla. *Shaw* v. *United States,* 151 F.2d 967 (C.C.A. 6th, 1945); *White* v. *Steigleder,* 37 F.2d 858 (C.C.A. 10th, 1930); *United States* v. *Gargano,* 25 F.2d 723 (E.D. La. 1928); *Ackerson* v. *United States,* 15 F.2d 268 (C.C.A. 2d, 1926); *Kriebel* v. *United States,* 10 F.2d 762 (C.C.A. 7th, 1926); *Nix* v. *James,* 7 F.2d 590 (C.C.A. 9th, 1925).

El hecho de que la Ley núm. 259 no hubiera estado en vigor cuando se dictó la sentencia por la corte de distrito, no afecta el resultado a que llegamos en este caso. Se trata de un estatuto de carácter reparador que beneficia al acusado y no existe base ni en la letra ni en el espíritu de la ley para darle la interpretación restrictiva que le dió la corte recurrida. *Nix* v. *James,* supra.

Se arguye en el "Informe del Fiscal" que el recurso que procede en este caso es el de *mandamus* y no el de certiorari, por tratarse, según él, de un caso en que la corte recurrida se declaró sin jurisdicción. La proposición del fiscal descansa en una premisa falsa. La corte recurrida no se declaró sin jurisdicción. Por el contrario, la asumió y resolvió que la Ley núm. 259 no era aplicable al caso del peticionario porque al imponerse la sentencia por la corte de jurisdicción original, no existía la Ley núm. 259.

*Procede anular la resolución recurrida y devolver el caso para que por el tribunal inferior se dé aplicación al art. 2 de la Ley núm. 259 de 3 de abril de 1946.*

