El Pueblo de Puerto Rico, demandante y apelado, *v.* Francisco Marrero Nieves, acusado y apelante.

Núm. 13097.—*Sometido:* Junio 8, 1948. *Resuelto:* Junio 14, 1948.

J. L. *Feliú Pesquera*, abogado del apelante; *Hon. Procurador General Luis Negrón Fernández*, y *J. Rivera Barreras, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Cuando en 4 de junio de 1947 este caso fué llamado para juicio el acusado ratificó su alegación de inocente, pero luego de declarar dos testigos de El Pueblo y de anunciar el fiscal que renunciaba al resto de la prueba por ser acumulativa, el acusado retiró su aludida alegación y se declaró culpable del delito imputádole. La corte señaló entonces el día 9 siguiente para dictar sentencia, procediéndose entonces a condenar al acusado a sufrir de uno a dos años de presidio, con trabajos forzados. Dos días más tarde, es decir en 11 de junio, el acusado acudió a dicha corte con una moción solicitando se le concedieran los beneficios otorgados por la ley sobre Sentencias Probatorias, núm. 259 de 3 de abril de 1946 ((1) pág. 535). Señalada una vista para oír dicha moción, en 30 del citado mes la corte a quo dictó resolución suspendiendo la ejecución de la sentencia y concediendo al acusado los beneficios solicitados. En 31 de octubre siguiente el Fiscal de Distrito archivó ante la referida corte una moción interesando se dejara sin efecto la suspensión de la sentencia concedídale al acusado y se ordenara la encarcelación de éste. A ella se opuso el acusado y después de celebrarse una vista en relación con la misma,

el 12 de noviembre del indicado año la corte dictó sentencia (*sic*) accediendo a lo solicitado por el fiscal, anulando su resolución de 30 de junio y ordenando la reclusión del acusado en el Presidio Insular.

Aunque éste apeló para ante nos tanto de la sentencia original pronunciada en su contra como de la dictada en 12 de noviembre del pasado año, en su alegato no impugna en forma alguna la sentencia original de 9 de junio y se limita a sostener que la corte inferior erró al anular la resolución mediante la cual le suspendió la sentencia y al no dejar ésta sin efecto.

■ Los errores señalados carecen de méritos. Conforme hemos dicho, el acusado fué sentenciado en 9 de junio de 1947 y su moción solicitando suspensión de la sentencia no fué radicada hasta dos días después, cuando ya había sido recluído en prisión y cuando, por ende, había empezado a cumplir sentencia. Ya este Tribunal ha resuelto que para que un acusado pueda acogerse a los beneficios de la citada Ley núm. 259 de 1946 es indispensable que haga su solicitud a tal efecto antes de empezar a cumplir la sentencia que se dicte en su contra. *Alcalá* v. *Corte,* 66 D.P.R. 430. Véanse también *United States* v. *Murray,* 275 U.S. 347; *Trant* v. *United States*, 90 F.2d 718; y 55 Harv. Law Rev. 1210. Por este solo motivo debió declararse sin lugar la moción.

■ Al discutir los errores señalados sostiene el apelante que incumbía al fiscal demostrar con prueba fehaciente que como cuestión de hecho el acusado había empezado a cumplir su sentencia. Carece igualmente de fundamento esta contención. El artículo 329 del Código de Enjuiciamiento Criminal dispone que si la sentencia que se dicta contra un acusado es de prisión, éste deberá ser confiado sin demora al cuidado del oficial correspondiente. La sentencia es ejecutoria, pues, inmediatamente y la única forma en que el procesado puede salir en libertad es prestando la fianza que se le exija mientras se sustancia su apelación. La

corte inferior seguramente tomó conocimiento judicial del anterior principio de ley, y al ver por los autos que el acusado no se hallaba bajo fianza, necesariamente tuvo que llegar a la conclusión de que éste se hallaba cumpliendo sentencia al momento de archivar su aludida moción. Así lo hizo constar al dejar sin efecto su resolución de 30 de junio concediendo al apelante los beneficios de la indicada Ley.

El suspender los efectos de una sentencia bajo la ley de 1946 cae enteramente dentro de la sana discreción de la corte sentenciadora. *Pueblo* v. *Emmanuelli,* 67 D.P.R. 667; *United States* v. *White,* 147 F.2d 603. Sin embargo, al darse ella cuenta de que ha abusado de su discreción, se ha excedido en las facultades concedídasle por la mencionada ley 259 o que ha cometido un error al suspender los efectos de una sentencia condenatoria, nada hay que le impida anular su resolución a virtud de la cual otorgó tales beneficios a un acusado. Lo mismo ocurre cuando éste no se ajusta a los términos de la sentencia probatoria.

Tratándose de un delito como el envuelto en este caso, la corte de distrito nunca debió conceder los beneficios a que nos hemos venido refiriendo, no importa el informe que haya podido rendirle la Oficial Probatoria. Cf. *Pueblo* v. *Emmanuelli,* supra. El mismo es calificado por nuestro Código Penal como el "infame crimen contra natura". La comisión del mismo claramente conlleva deformación moral, y es sin duda uno de los más denigrantes que aparecen en nuestros códigos. En *Pueblo* v. *Castro,* 63 D.P.R. 473, que envolvía un delito idéntico al aquí envuelto, este Tribunal al final de su opinión se expresó así:

"El hombre que así abusa de la inocencia y debilidad de un niño, utilizándolo de instrumento para satisfacer sus bestiales instintos, no es merecedor de la clemencia que él no tuvo para con una criatura ignorante e indefensa."

Fué también un menor la víctima en el presente caso.

928

Por el motivo adicional de tratarse de un delito como el de autos, la corte inferior hubiera estado justificada en actuar en la forma en que lo hizo al anular su resolución de junio 30 de 1947.

*Deben confirmarse las sentencias apeladas.*

El Juez Asociado Sr. De Jesús no intervino.