EL PUEBLO DE PUERTO RICO, peticionario, *v.* HÉCTOR RAFAEL OROZCO RIVERA, acusado y recurrido.

*Número:* O-84-201    *Resuelto:* 15 de octubre de 1984

*Doris Zoé Pons Pagán, Procuradora General Auxiliar,* abogada de El Pueblo; *Raúl Aponte Sánchez,* abogado del recurrido; *David Novoa López* y *Julián O. McConnie, Jr.,* abogados de la Junta de Libertad Bajo Palabra.

PER CURIAM: El Art. 3 de la Ley Núm. 118 de 22 de julio de 1974 (4 L.P.R.A. sec. 1503a) disponía en parte:

En los casos en que el grado de rehabilitación de un confinado o liberado lo justifique, la Junta podrá solicitar del tribunal sentenciador que reduzca los términos, mínimos' o máximos, de la sentencia, así como dar por terminada la misma.

Para ello, deberá tomar en cuenta, entre otros factores, el resultado de la evaluación que, a tales efectos, realice la Administración de Corrección.

La Ley Núm. 104 de 4 de junio de 1980, en su intento de atemperar las disposiciones que rigen la Junta de Libertad Bajo Palabra al nuevo sistema de sentencia determinada, eliminó el párrafo citado.

La controversia que plantea este caso es si la Junta de Libertad Bajo Palabra conserva jurisdicción para solicitar, y el tribunal sentenciador para conceder, la reducción de una sentencia que haya sido dictada por hechos cometidos antes de haberse enmendado el Art. 3 de la Ley Núm. 118 de 22 de julio de 1974.

Los hechos que motivaron este recurso son los siguientes. El 20 de septiembre de 1978 el tribunal de instancia dictó sentencia contra Héctor R. Orozco Rivera por el delito de asesinato en segundo grado. La pena impuesta fue de 12 a 30 años de presidio.

En 1983 el confinado presentó una solicitud de reducción de sentencia ante la Junta de Libertad Bajo Palabra. Para poder evaluar tal solicitud la Junta requirió la preparación de varios informes y evaluaciones del confinado y celebró una vista. Debido a que los informes y evaluaciones fueron favorables y denotaban la rehabilitación del señor Orozco Rivera, la Junta solicitó al tribunal de instancia la reducción de la sentencia.

Tras la celebración de una vista, el tribunal modificó la sentencia y fijó el mínimo en 10 años. Inconforme con tal resolución el Procurador General acudió en alzada ante este foro, mediante una petición de *certiorari*, donde impugnaba la jurisdicción del tribunal de instancia para reducir la sentencia. Expedimos el auto.

El Ministerio Fiscal alega que la Ley Núm. 104 de 4 de junio de 1980, al eliminar el párrafo relativo a la facultad de la Junta para solicitar la reducción de una sentencia, dejó a la Junta sin jurisdicción alguna al respecto. No le asiste la razón.

■ La Sec. 3 de la Ley Núm. 104 dispone que ésta comenzará a regir al entrar en vigor la ley que establece el sistema de sentencia determinada. El citado párrafo que fue eliminado por la Ley Núm. 104 se refiere a la reducción de una sentencia indeterminada ya que dispone que "la Junta podrá solicitar del tribunal sentenciador que reduzca los términos, mínimos o máximos, de la sentencia". Al aprobarse la Ley de Sentencia Determinada tal disposición carecía de sentido para las sentencias fijas, de ahí su eliminación. Sin embargo, ello no significa que la Junta carezca de jurisdicción para solicitar la reducción de una sentencia que haya sido dictada bajo la ley anterior.

La exposición de motivos de la Ley Núm. 104 es completamente clara al respecto:

.    .    .    .    .    .    .    .

En Puerto Rico se ha procedido a reformar lo relativo al proceso de sentencias mediante la adopción de un nuevo sistema que postula la determinación de la pena. Es necesario, por tanto, enmendar la ley orgánica de la Junta de Libertad Bajo Palabra a los efectos de establecer que dicho organismo retendrá su jurisdicción en relación a los casos de convictos que hubiesen cometido los hechos delictivos cuando imperaba aún la Ley de Sentencia Indeterminada. . . .

■ En conclusión, la Junta de Libertad Bajo Palabra conserva jurisdicción para solicitar, y el tribunal sentenciador para conceder, la reducción de una sentencia que, como en este caso, haya sido dictada por hechos delictivos cuando imperaba la Ley de Sentencia Indeterminada.

Por las consideraciones expuestas, *se confirmará la resolución recurrida.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.