EL PUEBLO DE PUERTO RICO, recurrido, *v.* JOEL CUBERO COLÓN, peticionario.

*Número:* CE-85-560        *Resuelto:* 26 de noviembre de 1985

*Carmen Ana Rodríguez Colón* y *Antonio Colón Montes,* abogados del peticionario; *Héctor Rivera Cruz, Secretario de Jus-*

*ticia* y *Dora T. Peñagarícano Soler, Procuradora General Auxiliar,* abogados de El Pueblo.

I

PER CURIAM: El 6 de julio de 1984, Joel Cubero Colón fue sentenciado a ocho (8) años de cárcel tras hacer alegación de culpabilidad por el delito de robo. Según la minuta, en el acto de sentencia el tribunal se reservó jurisdicción para desviar al convicto a un programa que le fuera conveniente luego de que su abogado hiciera las gestiones pertinentes. El 18 de julio de 1985 Cubero Colón solicitó la reconsideración de la sentencia y tras varios trámites procesales, el tribunal resolvió que "la suspensión de una sentencia o la concesión de probatoria no constituye la 'corrección' o 'reducción' de la sentencia que contempla la Regla 185".

Mediante el trámite de mostrar causa revisamos. En un fundamentado escrito la Oficina del Procurador General acepta que el tribunal de instancia tenía jurisdicción para considerar y resolver la petición del acusado y no objeta que el caso le sea devuelto para que, en el ejercicio de su discreción, conceda o deniegue la probatoria.

II

La tesis del peticionario es que el tribunal tenía autoridad para intervenir con su solicitud. Concluimos que en las circunstancias de autos, el tribunal sentenciador tenía autoridad al amparo de la Regla 185 de Procedimiento Criminal para "reducir" la sentencia impuesta al peticionario —aun cuando la hubiera comenzado a extinguir— para evaluar y conceder, si lo estimaba apropiado, su cumplimiento bajo probatoria.

En el pasado resolvimos que una suspensión de sentencia bajo la Ley de Sentencias Probatorias tenía que decretarse al momento de su imposición. *Pueblo* v. *Marrero,* 68 D.P.R. 924, 926 (1948); *Alcalá* v. *Corte,* 66 D.P.R. 430, 432 (1946); *Santiago* v. *Jones,* 74 D.P.R. 617 (1953). Sin em-

bargo, en época más reciente hemos reconocido que sentencias válidas pueden ser alteradas después de comenzar a extinguirse si se beneficia al confinado. *Pueblo* v. *Lozano Díaz*, 88 D.P.R. 834, 841 (1963); *cf. Pueblo* v. *Tribunal Superior*, 104 D.P.R. 650 (1976). Por autorización legislativa explícita o *implícita*, los tribunales pueden alterar una sentencia válida para reducirla aun cuando se haya comenzado a extinguir. *Pueblo* v. *Orozco Rivera*, 115 D.P.R. 659 (1984).

■ La Regla 185 de Procedimiento Criminal autoriza a un tribunal "por causa justificada y en bien de la justicia" a rebajar una sentencia dentro de los noventa días de haber sido dictada. *Pueblo* v. *Mojica Cruz*, 115 D.P.R. 569 (1984). Bajo los fundamentos de justa causa y en bien de la justicia, no vemos razón alguna por la cual —si un tribunal conserva u obtiene jurisdicción— en virtud de una solicitud de reconsideración dentro de los noventa (90) días, como la hecha en este caso, no puede alterar el modo en que habrá de cumplirse. La alternativa de suspensión, como remedio judicial, está accesible si todavía existe jurisdicción. Como acertadamente señala el Procurador General: "tomando en consideración el que el legislador tuvo un propósito rehabilitador al aprobar esta ley, no debe, por tanto, excluirse del ámbito discrecional de dicho magistrado el que en el momento de reconsiderar su sentencia, se encuentre imposibilitado de conceder una probatoria a una persona, si con ello se logra su rehabilitación, y por ende, resurge éste como un ciudadano útil a la comunidad". [1]

En virtud de lo expuesto, *procede revocar la resolución del tribunal de instancia y devolver el caso para que dilucide si*

---

[1] Aparte de lo anteriormente expuesto, el tribunal de instancia debe considerar que el acusado era menor de edad a la fecha en que se cometió el delito y como tal acreedor a ser considerado para una sentencia suspendida. Ley Núm. 103 del 29 de junio de 1955, según enmendada. 34 L.P.R.A. sec. 1042.

*procede o no, en el ejercicio de su discreción, el privilegio de suspender la sentencia al peticionario Cubero Colón.*

El Juez Asociado Señor Negrón García se inhibió.