# 2002 DTA 129

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL III DE ARECIBO/UTUADO**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

EDUARDO R. RAMOS MUÑOZ
Recurrido

Núm. KLCE-2002-00168

San Juan, Puerto Rico, a 22 de agosto de 2002

Panel integrado por su Presidente, el Juez Soler Aquino
y los Jueces Colón Birriel y Escribano Medina

Colón Birriel, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El Ministerio Público, representado por el Procurador General (en lo sucesivo el *"Ministerio Público"*), solicita la revisión de una **Sentencia Enmendada** dictada el 29 de enero de 2002, por el Tribunal Superior de Arecibo (el *"Tribunal"*), en el caso *El Pueblo de P.R. v. Eduardo R. Ramos Muñoz* (en adelante *"Ramos Muñoz"*), Criminal Núm. CVI95G0010, CVI95G0011 y CLA95G0045, por Agresión Agravada Menos Grave, Homicidio, e Infracción al Art. 8 de la Ley de Armas.

Mediante el referido dictamen, el Tribunal, tomando en consideración lo resuelto por nuestro Tribunal Supremo en *Pueblo v. Tribunal Superior,* 104 D.P.R. 650 (1976), enmendó la sentencia dictada originalmente el 15 de noviembre de 1995, a los efectos de que la sentencia dictada de seis (6) años en el caso CVI1995G0010 por homicidio, fuera cumplida concurrentemente con la sentencia de tres (3) años dictada en el caso C LA1995G0045 por infracción al Artículo 8 de la Ley de Armas, y concurrente con la dictada en el caso C VI1995G0011 por infracción al Artículo 95-A del Código Penal, agresión agravada menos grave. Exponemos a continuación los hechos que motivan el presente recurso.

### II

Por hechos ocurridos el 6 de enero de 1995, donde resultó muerto Edmundo Ramos Rosario (sobrino de Ramos Muñoz), y herido de bala, Edmundo Ramos Román (hermano paterno de Ramos Muñoz y padre del occiso Ramos Rosario). Ramos Muñoz fue acusado por los delitos de asesinato en primer grado, tentativa de asesinato, y violación al Art. 8 de la Ley de Armas (el apelante no tenía licencia para portar el arma de fuego por el cual fue acusado). Celebrado juicio por jurado, el 6 de octubre de 1995, el jurado rindió veredicto de culpabilidad por los delitos de homicidio, agresión agravada menos grave y por el Art. 8 de la Ley de Armas. Así las cosas, el 15 de noviembre de 1995, el Tribunal dictó Sentencia condenando a Ramos Muñoz a cumplir en forma concurrente 6 años de reclusión por el delito de homicidio, y 6 meses por el delito de agresión agravada menos grave; 3 años de reclusión por el Art. 8 de la Ley de Armas, a cumplirse de forma consecutiva con las penas antes señaladas; para un total de nueve (9) años, denegándole el beneficio de sentencia suspendida.

Inconforme, Ramos Muñoz. interpuso recurso de apelación ante este foro, recurso número KLAN-1995-01319. Mediante Sentencia del 27 de agosto de 1997, se confirmó la Sentencia apelada; no obstante, se modificó, determinando que Ramos Muñoz. tenía derecho a disfrutar de los beneficios de una sentencia suspendida, en aquellos delitos que taxativamente no estaban excluidos de tal beneficio. Así las cosas, el 15 de septiembre de 1997, fue celebrada vista en el Tribunal Superior de Arecibo, en la que dicho Tribunal enmendó las sentencias de homicidio y agresión agravada menos grave, para que fueran cumplidas bajo el régimen de sentencia suspendida. Ramos Muñoz fue excarcelado ese mismo día, por haber cumplido en prisión, en exceso del término de tres (3) años impuestos en el Art. 8 de la Ley de Armas. Así pues, comenzó a extinguir bajo el régimen de sentencia suspendida, las sentencias por los delitos de homicidio y agresión agravada menos grave, de conformidad con lo dispuesto en la Ley de Sentencia Suspendida, y Libertad a Prueba, Ley Núm. 259 de 3 de abril de 1946, según enmendada, 34 L.P.R.A. § 1027 *et seq.*

Como nota separada,pero pertinente a la controversia que hoy nos ocupa, debemos señalar que allá para agosto de 1991, Ramos Muñoz había comenzado estudios de Derecho, culminándolos en el año 1995. En septiembre de 1999, solicitó y tomó el examen de reválida para el ejercicio de la abogacía, aprobándolo, y comenzando por consiguiente, el procedimiento ante la Comisión de Reputación para el Ejercicio de la Abogacía (Comisión de Reputación), es decir, pasar juicio sobre el carácter y reputación de Ramos Muñoz. La

Comisión de Reputación concluyó que no estaba en condiciones de certificar el buen carácter y reputación de Ramos Muñoz, por no haber cumplido las penas que le fueron impuestas en el caso que nos ocupa. De esta determinación, Ramos Muñoz presentó Solicitud de *Certiorari* ante nuestro Tribunal Supremo (Caso Núm. EM-2001-03). Mediante Opinión *Per Curiam* de 10 de octubre de 2001, **2001 J.T.S. 143**, nuestro alto foro denegó la expedición del auto, concluyendo que la Comisión de Reputación no podía certificar el buen carácter y reputación del aspirante, por no haber extinguido las penas que le fueron impuestas.

Esto motivó que Ramos Muñoz recurriera nuevamente ante el Tribunal de Primera Instancia, donde solicitó que se reconsiderara la Sentencia Enmendada por infracción al Art. 8 de la Ley de Armas, a los fines de que se cumpliera concurrente con la Sentencia impuesta por el delito de homicidio, de tal forma que se entendieran cumplidas las penas impuestas por los demás delitos. A dicha solicitud se opuso el Ministerio Público en escrito intitulado *"Moción en Oposición a Reconsideración de Sentencia"*, alegando que el Tribunal carecía de jurisdicción para enmendar las sentencias dictadas por haber transcurrido en exceso del término que dispone la Regla 185 de Procedimiento Criminal, para tales fines.

Así las cosas, y luego de celebrada vista, el Tribunal dictó la Sentencia Enmendada que nos ocupa, el 20 de enero de 2002, enmendado las sentencias dictadas, a los fines de que la pena de seis (6) años impuestas en el caso CVI1995G0010 por homicidio, fuera cumplida concurrente con la sentencia de tres (3) años impuesta en el caso CLA1995G0045, por el Artículo 8 de la Ley de Armas, y concurrente con la sentencia impuesta en el caso CVI1995G0011 por el Artículo 95-A del Código Penal.

Inconforme, el Ministerio Público recurre señalando que incidió el Tribunal al disponer que la pena impuesta por infracción al Artículo 8 de la Ley de Armas, fuera cumplida concurrentemente, por razón de que la moción de reconsideración presentada por Ramos Muñoz fue presentada fuera de los términos establecidos en la Regla 185 de Procedimiento Criminal, privando así de jurisdicción al Tribunal para rebajar la sentencia impuesta.

Además, aun cuando el Ministerio Público no señala como uno de los errores alegadamente cometidos, argumenta que la sentencia emitida por este foro el 27 de agosto de 1997, a los efectos de concederle a Ramos Muñoz el beneficio de sentencia suspendida en el delito de homicidio fue ilegal, y en clara contravención a las disposiciones de la Ley de Sentencia Suspendida, toda vez que la referida ley excluye del beneficio de sentencia suspendida a toda persona que haya utilizado un arma de fuego durante la comisión de un delito grave, o su tentativa. ■ Además, en aras de impartir justicia, un tribunal apelativo tiene facultad para considerar y resolver errores patentes que surjan de un recurso, aunque no hayan sido levantados por las partes. *Castro Gracia v. Depto. de Justicia*, Op. de 23 de enero de 2001, **2001 J.T.S. 13**, a la pág. 807; *Hernández v. Espinosa*, 145 D.P. R. 248, 264-265 (1998); *López Vicil v. I.T.T. Intermedia,* 142 D.P.R. 857, 867 (1997).

La enmienda a la sentencia, no obstante haberse realizado siguiendo el mandato de este Tribunal, a nuestro juicio constituye una sentencia ilegal, por cuanto somos del criterio, al igual que el Ministerio Público, que la Ley de Sentencias Suspendidas excluye de los beneficios de una sentencia suspendida un caso como el de autos. Así pues, a pesar de que el Ministerio Público en el momento en que fue dictada la Sentencia Enmendada, nada hizo para revisar la misma; por tratarse de una sentencia ilegal, *motu proprio* consideraremos este error. Por lo tanto, las controversias ante nuestra consideración son las siguientes: (1) si como cuestión de derecho procedía concederle los beneficios de sentencia suspendida a Ramos Muñoz; y (2) si erró el Tribunal al concluir posteriormente que tenía jurisdicción para enmendar las sentencias impuestas originalmente, a fin de que las sentencias impuestas concurrentemente por el homicidio y la agresión agravada, fueran cumplidas a su vez concurrentemente, con la sentencia **ya extinguida**, por la infracción al Art. 8 de la Ley de Armas. Veamos.

### III

Antes de entrar de lleno en la discusión del derecho aplicable, es menester señalar que el apelante, en su

previo recurso de apelación KLAN-95-01319, planteó en su sexto error lo siguiente: *"Erró el Honorable Tribunal al dictar sentencia por infracción al Art. 8 de la Ley de Armas, en forma consecutiva, por cuanto no se dan las condiciones requeridas para dicha determinación, debiendo haber dictado la misma a ser cumplida en forma concurrente."* Luego del análisis de los hechos y del derecho aplicable, este Tribunal determinó en su Sentencia de 27 de agosto, *supra*, que el error no se cometió. El 8 de octubre de 1997, esta Sentencia fue apelada ante nuestro Tribunal Supremo, recurso que fue radicado bajo el número AC-97-42. Considerado el recurso como uno de *certiorari* por ser el apropiado, mediante Resolución de 5 de diciembre de 1997, nuestro Tribunal Supremo lo declaró No Ha Lugar. Siendo ello así, el Tribunal de Instancia no tenía facultad alguna para reconsiderar la sentencia por ser de aplicación la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia. Véase Art. 221 del Código de Enjuiciamiento, 32 L.P.R.A. sec. 1793; *Fatach v. Seguros Triple S, Inc.*, Op. de 25 de marzo de 1999, **99 J.T.S. 46**, a la pág. 807; *Acevedo Santiago v. Western Digital Caribe, Inc.*, 140 D.P.R. 36 (1996); *A y P General Contractors v. Asoc. Caná*, 110 D.P.R. 753 (1981). No obstante, entraremos a discutir el error señalado. Veamos.

Dispone la Regla 185 de Procedimiento Criminal, 34 L.P.R.A., Ap. II, en cuanto a la corrección de las sentencias lo siguiente:

*"(a) **Sentencia ilegal; redacción de la sentencia.** El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de certiorari.*

*(b) **Errores de forma.** Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por inadvertencia u omisión, podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimare necesaria dicha notificación.*

[L]a Regla 185(a) de Procedimiento Criminal, *supra*, según interpretada recientemente, ... es el mecanismo adecuado para corregir y/o modificar la pena impuesta a una persona cuando: los términos de la sentencia rebasan los límites fijados por el estatuto penal y/o se ha impuesto un castigo distinto al que había sido establecido. Es de notar que, a través de la Regla 185, **no** es posible variar o dejar sin efecto los fallos condenatorios. Es importante destacar que la citada Regla, cuando de sentencias ilegales se trata, no establece límite de tiempo para utilizarla; es decir, independientemente del plazo transcurrido, la parte perjudicada por una sentencia ilegal podrá solicitar su corrección en cualquier momento. Claro está, en los demás casos, por causa justificada y en bien de la justicia, la sentencia podrá reducirse dentro de los 90 días de haberse dictado. (Citas Omitidas.) *Pueblo v. Ferdinand Martínez Lugo*, Op. de 10 de febrero de 2000, **2000 J.T.S. 39**, a la pág. 712.

Bajo los fundamentos de justa causa y en bien de la justicia, no vemos razón alguna por la cual- si un tribunal **conserva u obtiene jurisdicción- en virtud de una solicitud de reconsideración dentro de los noventa (90) días,** ... no puede alterar el modo en que habrá de cumplirse, una sentencia. La alternativa de suspensión, como remedio judicial, **está accesible si todavía existe jurisdicción.** (Enfasis nuestro.) *Pueblo v. Cubero Colón*, 116 D.P.R. 682, 684 (1985).

Sin embargo, el hecho de que se presente una moción para corregir una sentencia errónea, no autoriza al Tribunal a dejar sin efecto o alterar el *fallo* anteriormente pronunciado válida y legalmente. La Regla 185 de Procedimiento Criminal trata de las correcciones de *sentencias* y de las rebajas de las mismas, no de variar o dejar sin efecto los fallos. Como se sabe, *"fallo"* es el pronunciamiento hecho por el Tribunal condenando o absolviendo a un acusado. *"Sentencia"* es el pronunciamiento hecho por el Tribunal en cuanto a la pena que se le impone al acusado. Reglas 160 y 162 de Procedimiento Criminal. *Pueblo v. Tribunal Superior*, 94 D.P.R.

220, 222-223 (1967).

Además *"[l]a Constitución no supone que el sentenciar sea un juego en el cual una jugada equivocada del juez conceda inmunidad al prisionero"*. (Citas Omitidas.) *Pueblo v. Tribunal Superior*, 91 D.P.R. 539, 541 (1964). Si el caso de autos tiene méritos, puede solicitarse la clemencia ejecutiva. *Id,* a la pág. 544.

En el caso ante nos, las sentencias fueron dictadas allá para el año 1995, posteriormente en el año 1997, fueron enmendadas a fin de que se le concedieran al recurrido los beneficios de sentencia suspendida en aquellos delitos que no estaban taxativamente excluidos de la Ley de Sentencia Suspendida; y nuevamente fueron enmendadas el pasado mes de enero de 2002, a fin de en que las sentencias impuestas por los delitos de homicidio y agresión agravada menos grave, fueran cumplidas concurrentes con la sentencia impuesta por la infracción al Art. 8 de la Ley de Armas. Así pues, determinaremos en primer lugar, si erró el Tribunal al conceder los beneficios de la Ley de Sentencias Suspendidas, en aquellos delitos que taxativamente no se encontraban excluidos de la Ley.

*"La Ley de Sentencia Suspendida provee una medida alterna a la pena de cárcel... Mediante la concesión del beneficio de la libertad a prueba, el tribunal suspende la ejecución de la sentencia y permite al convicto de delito quedar en libertad durante todo o parte del término de la pena, sujeto a que éste observe buena conducta y cumpla con todas aquellas restricciones que el tribunal le imponga.*

*[...]*

*El propósito del mecanismo de la sentencia suspendida es lograr que un convicto de delito viva una vida productiva en la sociedad, alejado del trasiego delictivo, bajo un sistema de supervisión. Este mecanismo, además representa una economía sustancial para el Estado y contribuye a resolver el serio problema de hacinamiento carcelario que padecemos. La Ley de Sentencia Suspendida es una ley de naturaleza remedial con un propósito rehabilitador. Pueblo v. Vega Vélez, 125 D.P.R. 188, 202 (1990).*

*El disfrute de una sentencia suspendida es un privilegio y no un derecho. Pueblo v. Torres Rivera, 137 D.P.R. 630 (1994); Pueblo v. Rivera, 79 D.P.R. 880, 881 (1957). Pueblo v. Molina Virola, 141 D.P.R. 713, 717-719 (1996)."*

No obstante el propósito rehabilitador de esta legislación, ésta debe también atemperarse a la necesidad de proveer para la seguridad de la comunidad en general. Es por esto que debe mantener un balance en el cual se asegura que personas peligrosas no acaben rondando las calles del país innecesariamente. A estos efectos, la Ley de Sentencias Suspendidas y Libertad a Prueba fue enmendada por la Ley Núm. 33 de 27 de julio de 1993, a fin de que su artículo 2, leyera como sigue:

*"El Tribunal de Primera Instancia podrá suspender los efectos de la sentencia que se hubiera dictado en todo caso de delito grave que no fuere asesinato, robo, incesto, extorsión, violación, ... **o cuando la persona utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa ...**"*. 34 L.P.R.A. sec. 1027 (Enfasis Suplido.) *Pueblo v. Alvarez Rodríguez*, Op. de 29 de junio de 2001, **2001 J.T.S. 102**, a la pág. 1517.

En el caso de *Pueblo v. Alvarez Rodríguez, supra*, nuestro Tribunal Supremo se enfrentó a una controversia similar a la que hoy nos ocupa. En este caso, el Ministerio Público presentó acusaciones contra Inés Alvarez Rodríguez, por el delito de asesinato en primer grado, y por infracciones a los Artículos 6 y 8 de la Ley de Armas. 25 L.P.R.A. secs. 416 y 418. Celebrado el juicio, Alvarez Rodríguez fue declarada culpable por el delito de homicidio y por las infracciones a los Artículos 6 y 8 de la Ley de Armas.

El Tribunal de Primera Instancia dictó Sentencia condenando a Alvarez Rodríguez a la pena de reclusión por el término de 10 años en cada uno de los cargos de homicidio (dos cargos), a ser cumplidos de forma concurrente, y concediéndole el beneficio de sentencia suspendida. Mientras que, por las infracciones a los Artículos 6 y 8 de la Ley de Armas, fue condenada a cumplir 3 y 5 años respectivamente, a ser cumplidos de forma concurrente con las sentencias por los dos cargos de homicidio y también bajo el régimen de sentencia suspendida.

A dichas sentencias se opuso el Ministerio Público, toda vez que la Ley Núm. 33 de 27 de julio de 1993 había enmendado la Ley de Sentencia Suspendida para excluir expresamente del privilegio de sentencia suspendida a la persona que utilice o intente utilizar un arma de fuego en la comisión de un delito grave o su tentativa.

Nuestro Tribunal Supremo, al revocar las sentencias impuestas por el Tribunal de Primera Instancia, resolvió que a pesar de que en el caso de *Pueblo v. Zayas Rodríguez*, Op. de 17 de febrero de 1999, **99 J.T.S. 16**, se resolvió que la exclusión de los beneficios de una sentencia suspendida a los convictos por infracción al Artículo 8 de la Ley de Armas, obedece a una equivocación o inadvertencia de la Asamblea Legislativa, ▐ al ser enmendada la Ley de Sentencia Suspendida en el año 1993, cualquier convicto de delito grave que utilice un arma de fuego durante la comisión del delito, queda excluido de los beneficios de una sentencia suspendida.

Si nos fijamos en la Exposición de Motivos de la Ley Núm. 33 de 27 de julio de 1993, notaremos claramente, que como lo indicó nuestro Tribunal Supremo en el caso de *Alvarez Rodríguez, supra*, la intención legislativa era excluir de los beneficios de sentencia suspendida a todo aquél que en la comisión de un delito grave o su tentativa utilice un arma de fuego; toda vez que dispuso que:

*"Las personas que cometan delito bajo esta circunstancia (refiriéndose a la utilización de un arma de fuego), una vez convictas, pueden disfrutar de los beneficios de la sentencia suspendida y libertad bajo palabra si cumplen con los requisitos establecidos para la concesión de estos privilegios.*

*Los beneficios de sentencia suspendida o libertad bajo palabra no son un derecho que pueda reclamarse, sino un privilegio legislativo cuya concesión y administración se confía al Tribunal o a la Junta de Libertad Bajo Palabra, respectivamente. Ambos privilegios son medidas penológicas que disfrutan los convictos como parte de su tratamiento de rehabilitación y se considera que mientras disfrutan de estos privilegios están técnicamente en reclusión.*

*Dado el peligro que representa para nuestra sociedad el que las personas que utilizan o intentan utilizar un arma de fuego en la comisión de un delito grave o su tentativa estén en la libre comunidad antes de que cumplan el término de reclusión que se les imponga, esta ley excluye del beneficio de la sentencia suspendida y de la libertad bajo palabra a dichas personas."*

Así pues, habiendo sido enmendada la Sentencia para conceder a Ramos Muñoz los beneficios de una sentencia suspendida, en el año 1997, con posterioridad a la enmienda a la Ley de Sentencias Suspendidas de 1993, que excluye de este beneficio a todo convicto que haya utilizado un arma de fuego en la comisión de un delito grave o su tentativa, como lo es el caso de autos, no procedía conceder tales beneficios. Por lo que dicha Sentencia es ilegal, y por ende nula.

No obstante, para fines argumentativos consideraremos el error presentado por el Ministerio Público, a los fines de determinar si erró el Tribunal al disponer en la Sentencia Enmendada de 29 de enero de 2002 (fundamentándose en lo resuelto en *Pueblo v. Tribunal Superior*, 104 D.P.R. 650 (1976)), que la pena impuesta por los delitos de homicidio y de agresión agravada menos grave fueran cumplidas concurrentemente con la pena ya extinguida por la infracción al Art. 8 de la Ley de Armas.

Sostuvo nuestro Tribunal Supremo en el caso de *Pueblo v. Tribunal Superior* que *"por ser el término de una sentencia su principal efecto y condición sujeto a suspensión bajo la Ley de Libertad a Prueba (34 L.P.R.A. sec. 1026 y ss.) y hallándose el probando bajo la custodia legal del tribunal, éste tiene poder en cualquier tiempo para modificar la duración de dicho término atemperándolo al grado o etapa de rehabilitación del sentenciado, como lo tiene para modificar cualquier otra condición de la libertad en probatoria."* Véase *Pueblo v. Tribunal Superior*, *supra*, a las págs. 655-656.

Así pues, a pesar de que el caso de *Pueblo v. Tribunal Superior*, trataba de unas sentencias dictadas por infracciones a la antigua Ley de Narcóticos, a nuestro juicio igual criterio aplica a todo convicto que esté disfrutando de los beneficios de una sentencia suspendida. Así pues, cuando un convicto disfruta de los beneficios de La Ley de Sentencias Suspendidas, el tribunal conserva jurisdicción para modificar la sentencia en cualquier momento, por lo que no son de aplicación en estos casos los términos que dispone la Regla 185 de Procedimiento Criminal para la corrección de las sentencias. No obstante, el tribunal sólo conserva jurisdicción para enmendar aquellas sentencias que aún no han sido extinguidas.

En consecuencia, habiéndose extinguido en el caso de epígrafe, la Sentencia dictada por la infracción al Artículo 8 de la Ley de Armas, al haberse cumplido la pena impuesta para ese delito, no procedía que el Tribunal enmendara las demás sentencias impuestas a fin de que éstas se cumplieran consecutivamente con la ya extinguida, toda vez que al así hacerlo, se creó el efecto de anular o indultar al recurrido las sentencias impuestas por el delito de homicidio y de agresión agravada menos grave.

En mérito a lo expuesto, expedimos el auto solicitado, y en consecuencia, revocamos las Sentencias Enmendadas dictadas en los años 1997 y 2002, dejando en pleno vigor las Sentencias originalmente dictadas el 15 de noviembre de 1995. Se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Arecibo, para que proceda de conformidad con lo resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Juez Soler Aquino disiente por escrito.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 2002 DTA 129

**1.** Nuestro Tribunal Supremo en el caso de *Pueblo v. Negrón Caldero*, Núm. CC-1998-954, opinión de 28 de junio de 2002, resolvió, en lo pertinente, que una persona que esté autorizado por el Estado para portar un arma de fuego y que resultó convicta por el delito de homicidio no está excluida del beneficio de sentencia suspendida.

**2.** Según el historial legislativo, los artículos de la Ley de Armas que se querían excluir de tales beneficios, lo eran aquéllos que prohíben la posesión y uso de armas de fuego de alta capacidad destructiva, como las ametralladoras, carabinas, escopetas de cañón cortado y rifles. Como el Artículo 8 no era uno de éstos, mientras que el Artículo 8A, sí lo era, nuestro Tribunal Supremo concluyó que la Asamblea Legislativa omitió la "*A*" al redactar la Ley.

### VOTO DISIDENTE DEL JUEZ SOLER AQUINO - 2002 DTA 129

San Juan, Puerto Rico, a 22 de agosto de 2002

El Ministerio Público solicita revisión de una resolución dictada por el Tribunal de Primera Instancia el 29 de enero de 2002. Alega que el foro recurrido erró al:

*"1. disponer que la pena impuesta por infracción al Artículo 8 de la Ley de Armas se cumpliría concurrentemente, pues la moción de reconsideración fue presentada fuera de los términos establecidos en la Regla 185 de Procedimiento Criminal, lo cual privó de jurisdicción al Tribunal de Primera Instancia para rebajar la sentencia impuesta."*

El 15 de noviembre de 1995, el recurrido fue encontrado culpable de los delitos de homicidio, agresión agravada y violación al Artículo 8 de la Ley de Armas. Este fue condenado a cumplir concurrentemente seis (6) años de reclusión por homicidio, tres (3) años consecutivos por la violación a la ley de armas y en forma concurrente seis (6) meses por la agresión agravada menos grave para un total de nueve (9) años, sin el beneficio de sentencia suspendida.

El recurrido acudió ante este Tribunal para apelar la sentencia, que modificamos a los efectos de determinar que el convicto apelante tenía derecho a sentencia suspendida, en cuanto a los delitos que no estaban taxativamente excluidos de su beneficio. El 15 de septiembre de 1997, el Tribunal de Primera Instancia enmendó la sentencia de homicidio y agresión agravada menos grave para que fueran cumplidas bajo el régimen de sentencia suspendida. En igual fecha, el recurrido fue excarcelado debido a que había cumplido en prisión más del tiempo correspondiente a la sentencia por infracción a la Ley de Armas. Inmediatamente comenzó a extinguir bajo el régimen de sentencias suspendidas la sentencia de seis (6) años por el delito de homicidio y seis (6) meses por agresión agravada menos grave, en forma concurrente para un total de seis (6) años. El 9 de abril de 2001, solicitó reconsideración a la sentencia enmendada, para que la infracción a la Ley de Armas fuera considerada como cumplida concurrentemente con la sentencia por el delito de homicidio. A la fecha de radicada había extinguido la pena carcelaria impuesta y había cumplido, cuatro (4) de los seis (6) años de la sentencia suspendida. Alegó que había cumplido fielmente todas las condiciones de su libertad a prueba y observado una conducta excelente. Además finalizó estudios de derecho y aprobó las reválidas de derecho general y notarial, opera su negocio de Garantía de Calidad, Ingeniería de Calidad y Reglamentaciones Federales aplicadas a la Industria Farmacéutica.

El Ministerio Público expresó oposición. Alegó que el Tribunal de Primera Instancia no tenía jurisdicción para reconsiderar y modificar la sentencia. El tribunal celebró una vista en la que determinó que, según lo resuelto en *Pueblo v. Tribunal Superior*, 104 D.P.R. 650, tenía jurisdicción para atender la reconsideración y procedía enmendar la sentencia, según lo solicitado. Dicho foro concluyó que por la prueba desfilada, este es el caso adecuado para reconsiderar la sentencia, a los efectos de que la pena dictada de seis (6) años por homicidio sea cumplida concurrentemente con la sentencia de tres (3) años por el Artículo 8 de la Ley de Armas y concurrente con el Artículo 95 A del Código Penal.

Las controversias se reducen a determinar:

*"1. Si el tribunal erró al concluir que tenía jurisdicción para reconsiderar la sentencia.*

*2. Si como cuestión de derecho procedía dictarse sentencia enmendada."*

La solución a ambas controversias fue establecida en *Pueblo v. Tribunal Superior, supra*. Este caso resuelve que los tribunales tienen amplia supervisión de la libertad de un convicto bajo el régimen de libertad a prueba. Esto incluye la facultad para modificar el término original de la sentencia, cuando a su juicio resultare ser una condición impropia e innecesaria a los fines de rehabilitación del convicto que es el propósito central del sistema. Cuando el probando se encuentra bajo la custodia legal del tribunal, éste tiene el poder en cualquier tiempo para modificar la duración de dicho término atemperándolo al grado o etapa de rehabilitación del sentenciado como lo tiene para modificar cualquier otra condición de la libertad en probatoria.

Al momento de dictada la sentencia, se ordenó el ingreso de peticionario a prisión, debido a que la violación

a la Ley de Armas, no tenía derecho a probatoria. Esta pena fue extinguida. Una vez cumplida la sentencia, salió a la calle y culminó sus estudios de derecho, tomó la reválida y aprobó la misma con notas excelentes. No obstante, al solicitar la admisión a la profesión, se le notificó que no podía juramentarlo, ya que no se podía certificar la buena reputación.

La defensa alegó que había una total y absoluta rehabilitación, por lo que solicitó que los tres (3) años que se dictaron consecutivos fueran reconsiderados y fueran cumplidos concurrentemente. El Ministerio Público expresó su oposición alegando que el tribunal no tenía jurisdicción, ya que habían transcurrido los noventa (90) días desde que se dictó la sentencia. En cuanto a lo resuelto en *Pueblo v. Tribunal Superior, supra*, alegó que sólo era aplicable a casos de drogas.

Según consta en la minuta, el tribunal concluyó de la prueba desfilada que este es el caso adecuado para reconsiderar la sentencia dictada el 15 de noviembre de 1995, por lo que reconsidera la misma a los efectos de que la sentencia dictada en el caso de homicidio sea cumplida concurrentemente con la violación a la Ley de Armas y el Artículo 95.

En *Pueblo v. Tribunal Superior*, 104 D.P.R. 650, el Tribunal Supremo expresó:

*"Si nuestro sistema de libertad a prueba (34 L.P.R.A. sec. 1026 y ss.) faculta al tribunal para "suspender efectos de la sentencia" y a la vez dispone que el convicto "quedará bajo la custodia legal del tribunal", siendo el más relevante efecto de la sentencia la duración del término de reclusión impuesto, no vemos impedimento para que en un caso adecuado como el presente pueda el juez en su amplia supervisión de la libertad del probando, modificar el término original de la sentencia cuando a su juicio resultare ser condición impropia e innecesaria a los fines de rehabilitación que es el propósito central del sistema. Es la compensación de la facultad que autoriza al mismo tribunal a encarcelar al convicto si infringe los términos y condiciones de su probatoria*

....

*Por ser el término de una sentencia su principal efecto y condición sujeto a suspensión bajo la Ley de Libertad a Prueba (34 L.P.R.A. sec. 1026 y ss.) y hallándose el probando bajo la custodia legal del tribunal, éste tiene poder en cualquier tiempo para modificar la duración de dicho término atemperándolo al grado o etapa de rehabilitación del sentencia como lo tiene para modificar cualquier otra condición de la libertad en probatoria."*

A base del derecho citado, concluimos que el foro recurrido actuó correctamente al dictar sentencia enmendada y permitir que el peticionario cumpliera su sentencia de forma concurrente. La jurisprudencia citada es clara al conceder jurisdicción y amplia supervisión a los tribunales sobre un convicto que cumple su sentencia bajo el régimen de libertad a prueba. Su autoridad se extiende incluso a modificar los términos de la sentencia en beneficio de la rehabilitación del convicto.

Los hechos particulares de este caso justifican la modificación de la sentencia. Al momento de ser sentenciado, el peticionario se encontraba estudiando derecho. Luego de cumplida la pena carcelaria, culminó sus estudios y aprobó sus reválidas con excelentes notas. Este demostró al foro recurrido su rehabilitación, por lo que merece su sentencia sea enmendada para que pueda continuar los trámites relativos a su petición de admisión al ejercicio de la abogacía.

Uno de los pilares del sistema penal es la rehabilitación del convicto y nuestra sociedad espera que nuestro sistema judicial y correccional puedan devolver al convicto ya rehabilitado para que se reintegre a la sociedad como un ciudadano útil y provechoso; pero lo anterior, no puede ser solamente una meta retórica, que cuando se presenta un verdadero caso de rehabilitación total de un convicto sea rechazado.

Por todas las razones antes expuestas y de conformidad al derecho citado, emitimos el presente voto, disintiendo de lo resuelto por la mayoría y confirmaríamos la sentencia apelada.

**CARLOS SOLER AQUINO**
**Juez de Apelaciones**