López Feliciano, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Alegando la inaplicabilidad de la Ley Núm. 33 de 27 de julio de 1993, 34 L.P.R.A. see. 1206 (Ley Núm. 33), el convicto Miguel A. Medina Ortega (el recurrente) solicita la revocación de la resolución de la Junta de Libertad Bajo Palabra (JLBP) dictada el 15 de abril de 2003 y notificada el 13 de mayo de 2003. Mediante la referida resolución, la JLBP se declaró sin jurisdicción para atender la solicitud del recurrente de que se le considerara como posible beneficiario del privilegio de libertad bajo palabra.
Habiendo comparecido ambas partes, y examinado el derecho aplicable a la controversia presentada ante nuestra consideración, disponemos del presente recurso.
I
Los Hechos e Incidentes Procesales Pertinentes
El recurrente actualmente está cumpliendo sentencia de cárcel bajo la custodia de la Administración de Corrección y Rehabilitación en la Institución Correccional Anexo 352 del Complejo Correccional de Río Piedras, Puerto Rico.
Por hechos ocurridos el 18 de septiembre de 1997, el recurrente fue acusado por los delitos de asesinato en segundo grado y por infracciones a los artículos 6 y 8 de la anterior Ley de Armas de Puerto Rico. Al momento de la comisión de los delitos imputados, el recurrente poseía licencia para tener y poseer un arma de fuego, núm. 223314; licencia de tiro al blanco, núm. 20037710; y licencia para portar un arma de fuego, expedida por el Tribunal de Primera Instancia, Sala Superior de Caguas, Civil Núm. LPA94-195.
Habidas conversaciones entre el Ministerio Público, el recurrente y su representación legal, se logró un acuerdo mediante alegación preacordada mediante el cual el Ministerio Público se obligaba a enmendar la acusación original de manera que se eliminara la alegación del uso ilegal del arma de fuego.
El Tribunal de Primera Instancia, Sala Superior de San Juan (T.P.I), aceptó la alegación preacordada presentada y emitió sentencia el 31 de julio de 1998 mediante la cual condenó al recurrente a cumplir “18 años de prisión, a ser cumplida deforma concurrente con las penas impuestas en los casos KLA97G1374-1375, pero consecutiva con cualquiera otra que estuviese cumpliendo. No se imponen costas.” El 3 de mayo de 2002, el *937 T.P.I. enmendó la sentencia a los efectos de añadir a su anterior pronunciamiento que “,..[s]e elimina el uso del arma. ”
Así las cosas, el recurrente fue ingresado en la institución penal antes referida. Cumplió el mínimo de la sentencia impuesta el 29 de septiembre de 2002, fecha en que advino elegible al privilegio de libertad bajo palabra. A esos efectos, el recurrente presentó una solicitud ante la JLBP solicitando se le concediera dicho privilegio, por lo que se celebró la correspondiente vista en consideración el 18 de marzo de 2003.
Posteriormente, la representación legal del recurrente, Corporación de Acción Civil y Educación, presentó un escrito informativo y memorando de derecho ante la JLBP. En el mismo alegó que al recurrente no le aplicaban las disposiciones de la Ley Núm. 33, supra, en virtud de dos razones: (1) lo resuelto por el Tribunal Supremo en el caso Pueblo v. Negrón Caldero, 157 D.P.R. _ (2002), 2002 J.T.S. 102; y (2) el hecho de que el juez sentenciador dispuso en su sentencia que el recurrente no utilizó un arma de fuego. 
El 15 de abril de 2003, notificada el 13 de mayo de 2003, la JLBP dictó resolución en la que se declaró sin jurisdicción para atender la solicitud del recurrente utilizando como fundamento lo que dispone expresamente la Ley Núm. 33, supra.
El recurrente solicitó reconsideración, pero la misma fue rechazada de plano. Inconforme, comparece ante este Tribunal de Apelaciones solicitando la revocación del dictamen de la JLBP.
II
Las Cuestiones Planteadas
El recurrente nos solicita que determinemos si a la luz de las disposiciones de la Ley Núm. 33, supra, la JLBP puede asumir jurisdicción para considerar la solicitud de un convicto que poseía licencia para portar arma de fuego expedida por el Estado al momento de cometer el delito, en virtud de lo resuelto en el caso de Pueblo v. Negrón Caldero, supra. En la alternativa, debemos considerar si la JLBP puede asumir jurisdicción en casos en que la sentencia dictada, expresamente, dispone que la alegación del uso de un arma de fuego en la comisión del delito fue eliminada.
III
Eí Derecho Aplicable y el Análisis de las Cuestiones Planteadas
A
El Privilegio de Libertad Bajo Palabra
En Puerto Rico, el sistema de libertad bajo palabra está reglamentado por la Ley Núm. 118 de 22 de julio de 1974, 4 L.P.R.A. see. 1501 et seq. (en adelante Ley Núm. 118). Este sistema permite que una persona convicta y sentenciada a un término de reclusión cumpla la última parte de su sentencia fuera de la institución penal, sujeto al cumplimiento de las condiciones impuestas para conceder la libertad bajo palabra. Maldonado Elías v. González Rivera, 118 D.P.R. 260, 275 (1987).
Esta ley creó una Junta para poder decretar la libertad bajo palabra de cualquier persona recluida en alguna de las instituciones penales de Puerto Rico, así como para revocar la misma. En el Artículo 3, inciso a, de la Ley Núm. 118, supra, se establecen las condiciones que debe satisfacer el confinado para ser liberado. Entre otras cosas, dicho articulado, dispone en lo pertinente que:
“La libertad bajo palabra será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes permitan a la Junta creer, con razonable certeza, que tal medida habrá de ayudar a la *938 rehabilitación del delincuente. Para determinar si concede o no la libertad bajo palabra, la Junta tendrá ante sí toda la información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado, incluyendo la actitud de la comunidad respecto a la liberación condicional del sujeto, y una evaluación que deberá someter la Administración de Corrección.” 4 L.P.R.A. see. 1503.
La Ley Núm. 118, supra, concede a la JLBP discreción para decretar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de Puerto Rico, siempre que no se trate de los delitos excluidos de dicho beneficio y que la persona hubiera cumplido el término mínimo dispuesto por dicha ley, generalmente la mitad de la sentencia. 4 L.P.R.A. see. 1503; Toro Ruiz v. JLBP, y otros, 134 D.P.R. 161, 166 (1993); Ortiz v. Alcaide Penitenciaría Estatal, 131 D.P.R. 849, 858 (1992). Para el adecuado ejercicio de tal discreción, la Junta promulga reglamentos conforme lo requiere el debido proceso de ley, Torres Arzola v. Policía de P.R., 117 D.P.R. 204, 211 (1986); Soto v. Srio. de Justicia, 112 D.P.R. 477, 499-500 (1982). De lo contrario, el ejercicio de tal discreción podría convertirse en arbitrario, a falta de esquemas que lo gobiernen u orienten de caso a caso. Soto v. Srio. de Justicia, supra, pág. 499.
La Ley Núm. 33, supra, enmendó, entre otros, el inciso (a) del Artículo 3 de la Ley Núm. 118, supra. Esta legislación fue aprobada con el propósito de excluir de los beneficios de sentencia suspendida y libertad bajo palabra a toda persona que utilice o intente utilizar una arma de fuego en la comisión de un delito grave o su tentativa.
En su exposición de motivos, el referido estatuto establece que:
“Dado el peligro que representa para nuestra sociedad el que las personas que utilizan o intentan utilizar un arma de fuego en la comisión de un delito grave o su tentativa estén en la libre comunidad antes de que cumplan el término de reclusión que se les imponga, esta ley excluye del beneficio de la sentencia suspendida y de la libertad bajo palabra a dichas personas.” Exposición de Motivos, Ley Núm. 33, Leyes de Puerto Rico, 1993.
Es importante señalar que los beneficios dé sentencia suspendida o libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la JLBP, respectivamente. Estos privilegios son medidas tomadas para ayudar a los convictos en su tratamiento de rehabilitación, pues se considera que mientras disfrutan de estos beneficios están técnicamente en reclusión. Exposición de Motivos, Ley Núm. 33, Leyes de Puerto Rico, 1993. Véase, además, Pueblo v. Negrón Caldero, supra.
Esta enmienda, sumamente amplia, se originó con el objetivo de contraatacar el alza criminal que estaba acechando a la isla, especialmente el aumento en los delitos cometidos con armas de fuego. La Ley Núm. 33, supra, nace como resultado del P. de la C. 400 del 25 de marzo de 1993. Según el Informe de la Cámara de Representantes del 13 de julio de 1993, “[e]l alto porcentaje de personas que delinquen utilizando armas de fuego ha creado una situación de alta peligrosidad para la ciudadanía. Es un peligro para nuestra sociedad el que estas personas estén en la libre comunidad antes [de] que cumplan el término de reclusión que se les imponga. ” Pueblo v. Negrón Caldero, supra.
En su parte pertinente al caso de autos, la Ley Núm. 33, supra, dispone que:

“La Junta de Libertad bajo Palabra tendrá la siguiente autoridad, poderes y deberes:

(a) Podrá decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones venales de Puerto Rico que hubiere sido o fuere convicta por delitos cometidos con anterioridad a la fecha de vigencia de la lev que establece el Sistema de Sentencia Determinada en Puerto Rico, o que 
*939
hubiere sido o fuere convicta ñor delitos bajo la lev que establece el Sistema de Sentencia Determinada en Puerto Rico cuando haya cumplido la mitad de la sentencia fija que le ha sido impuesta, excepto cuando la persona haya sido convicta por asesinato en primer grado, en cuyo caso la Junta adquirirá jurisdicción cuando la persona hay cumplido veinticinco (25) años naturales, o cuando haya cumplido diez (10) años naturales si la persona convicta por dicho delito lo fue un menor juzgado como adulto. No obstante, en los casos de asesinato en primer grado cometidos bajo la modalidad comprendida en el inciso (b) del Artículo 83 de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, la Junta no podrá imponer las condiciones que creyere aconsejables y fijar condiciones que podrán ser alteradas de tiempo en tiempo, según cada caso lo amerite. Esta impondrá y hará constar por escrito, como parte de las condiciones de libertad bajo palabra, el compromiso del liberado de no incurrir en conducta delictiva y de no asociarse con personas reconocidas por su participación en actividades ilegales mientras esté disfrutando de los beneficios que le concede esta ley.

En los casos en que se determine que la persona utilizó o intentó utilizar un arma de fuego en la comisión de un delito grave o su tentativa, no se concederá el benefício de la libertad bajo palabra.

...La libertad bajo palabra será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes permitan a la Junta creer, con razonable certeza, que tal medida habrá de ayudar a la rehabilitación del delincuente....” (Subrayado nuestro)
B
La Denuncia y la Acusación
La Regla 5 de las de Procedimiento Criminal; supra, R. 5, define la denuncia como un escrito firmado y jurado que imputa la comisión de un delito a una o varias personas. El Tribunal Supremo consistentemente ha resuelto que en nuestro ordenamiento jurídico procesal penal, la denuncia y la acusación tienen como propósito notificar, a toda persona imputada de delito, la naturaleza y causa por la cual será procesada. Esto es así, debido a que el debido proceso de ley exige que el acusado esté adecuadamente informado de la naturaleza y extensión del delito imputado para que pueda preparar su defensa. Pueblo v. Saliva Valentín, 130 D.P.R. 767, 773 (1992); Rabell Martínez v. Tribunal, 102 D.P.R. 39, 42 (1974).
La denuncia es un pliego informativo de la naturaleza del delito imputado del cual no se exigen requisitos extremos de suficiencia que satisfagan la definición óptima del delito. Pueblo v. Millán, 133 D.P.R. 87, 94; Vázquez Rosado v. Tribunal, 100 D.P.R. 592 (1972). Es sólo la alegación inicial que sirve de base a procedimientos anteriores al juicio, pero que luego será sustituida por la acusación que servirá de base a las alegaciones del acusado y procedimientos posteriores, como lo es el juicio y la sentencia. Chiesa, Derecho Procesal Penal de Puerto Rico y los Estados Unidos, Vol. Ill, sec. 24.1, págs. 140-141 (1991).
C
La Aplicabilidad de Pueblo v. Negrón Caldero, supra
En este caso, Negrón Caldero fue acusado por los delitos de homicidio y violación al Artículo 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. see. 418, pero hallado culpable, después de celebrado el juicio correspondiente, sólo del delito del homicidio. El T.P.L dictó una sentencia mixta de 10 años, por la que Negrón Caldero cumpliría 6 meses en prisión y el resto de la pena bajo el privilegio de sentencia suspendida.
El Ministerio Público objetó la sentencia impuesta bajo el argumento de que la Ley de Sentencias Suspendidas excluia del privilegio a los convictos que utilicen o intenten utilizar un arma de fuego en la *940 comisión de un delito grave o su tentativa. El T.P.I. mantuvo su determinación aduciendo que “el acusado no fue encontrado culpable por el cargo de infracción al Art. 8 de la Ley de Armas, supra,... ”.
El Ministerio Público recurrió ante el Tribunal de Apelaciones quien revocó la sentencia del foro de instancia. Inconforme con dicha determinación, Negrón Caldero recurrió ante el Tribunal Supremo.
El Tribunal Supremo -después de establecer los propósitos por los cuales se implemento la Ley de Sentencias Suspendidas, supra, y de aclarar los términos de las disposiciones de la enmienda añadida mediante la Ley Núm. 33, supra, a base de un análisis de su exposición de motivos e historial legislativo-, dispuso que el legislador no contempló, por lo que no pretendió excluir...a una persona convicta por el delito de homicidio utilizando un arma de fuego para la cual tenía licencia de poseer y portar. Enfatizó que “[m]al puede catalogarse como criminal habitual a una persona que, aunque ha cometido delito, ha actuado sin maldad. ”
Añadió, también, que haciendo referencia a las personas que poseen licencia para portar armas de fuego excedida por el Estado, que éstas ya han pasado por el cedazo de la autoridad para su otorgamiento, no son criminales habituales que cometan delitos. El Tribunal Supremo concluyó su análisis estableciendo que sostener que una persona bajo estas circunstancias está excluida del beneficio de sentencia suspendida, establecería un resultado ilógico y no querido por el legislador.
D
Los Delitos Imputados
El recurrente fue hallado culpable y sentenciado por el T.P.I. por el delito de asesinato en segundo grado, Artículo 83 del Código Penal de Puerto Rico, supra. Dicho estatuto establece lo siguiente:

“ § 4002. Grados de Asesinato

(33 L.P.R.A. see. 4002)

Constituye asesinato en primer grado:

(a) Todo asesinato perpetrado por medio de veneno, acecho o tortura, toda clase de muerte alevosa, deliberada y premeditada, o cometida al perpetrarse o intentarse algún incendio agravado, violación, sodomía, robo, escalamiento, secuestro, estragos, mutilación o fuga.

(b) Dar muerte a un miembro de la Policía, un miembro de la Guardia Municipal, un Oficial de Custodia o un miembro de la Guardia Nacional en sustitución o apoyo de la Policía, cuando cualquiera de estas personas se encuentre en el cumplimiento de su deber y su muerte haya ocurrido como resultado de la comisión de un delito grave o de la tentativa de comisión de un delito grave o encubrimiento de un delito grave.

[Todos los demás asesinatos serán considerados de segundo grado.]

(c) La muerte de un niño de doce (12) años de edad o menos cuando se produce a consecuencia de daño físico mediante maltrato intencional por el padre, madre, o persona que tenga la custodia de jure o de facto conforme lo establece las sees. 441 et seq. del Título 8, conocidas como “Ley para el Amparo a Menores en el Siglo XXI”.

*941 E
La Revisión Judicial de las Determinaciones de Agencias Administrativas
La sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto 1988, según enmendada, 3 L.P.R.A. see. 2175, establece el alcance de la revisión por los foros apelativos de las determinaciones de las agencias administrativas, al disponer que:

“El tribunal podrá conceder el remedio apropiado si determina que el peticionario tiene derecho a un remedio.

Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal”.

La revisión judicial de las decisiones administrativas tiene como fin primordial limitar la discreción de las agencias y asegurarse que éstas desempeñan sus funciones conforme a la Ley. Comisionado de Seguros v. Prime Life Partners, Inc., 161 D.P.R. _ (2004), 2004 J.T.S. 105; Torres Acosta v. Junta, 161 D.P.R. _ (2004), 2004 J.T.S. 71; Miranda v. C.C.C., 141 D.P.R. 775, 786 (1996). De ahí, que la revisión judicial debe limitarse a determinar si la agencia actuó arbitrariamente, ilegal o en forma tan irrazonable que la actuación constituye un abuso de discreción. Torres Acosta v. Junta, supra; Franco v. Departamento de Educación, 148 D.P.R. 703, 710 (1998).
La facultad de revisión judicial en estos casos ha de centrarse en tres aspectos principales: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba; y (3) si las conclusiones de derecho del organismo administrativo son correctas. (Subrayado nuestro) See. 4.5 de la Ley Núm. 70, supra; P.R.T.C. v. J. Reg. Tel. de P.R. 151 D.P.R. _ (2000), 2000 J.T.S. 98; Mun. de S.J. v. J.C.A., 149 D.P.R. 263, 279-280 (1999); Misión Ind. P.R. v. J.P. y A.A.A., 142 D.P.R. 656, 674 (1997). El récord o expediente administrativo constituirá la base exclusiva para la acción de la agencia en un procedimiento adjudicativo y para la revisión judicial ulterior. Comisionado de Seguros v. Prime Life Partners, Inc., supra; Torres Acosta v. Junta, supra; Mun. de S.J. v. J.C.A., supra, pág. 280.
Es norma reiterada que los tribunales apelativos no intervienen con las determinaciones de hechos formuladas por una agencia administrativa si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo. Rebollo Vda. de Liceaga v. Yiyi Motors, 161 D.P.R. _ (2004), 2004 J.T.S. 4; Asoc. Vec. H. San Jorge v. U. Med. Corp., supra, pág. 72; E.L.A. et ais. v. Malavé, 157 D.P.R. _ (2002), 2002 J.T.S. 103; Domínguez v. Caguas Expressway Motors, Inc., 148 D.P.R. 387, 397 (1999); T. JAC, Inc. v. Caguas Centrum Limited, 148 D.P.R. 70, 80 (1999).
F
Análisis v Conclusiones
Alega el recurrente en su escrito de revisión administrativa que la JLBP erró en su determinación de declararse sin jurisdicción para atender su solicitud al amparo de lo resuelto en el caso Pueblo v. Negrón Caldero, supra. Sostiene que la intención del legislador lo excluye de la aplicabilidad de la Ley Núm. 33, supra; y, que en virtud de la sentencia dictada en su contra la JLBP, no podía determinar que había utilizado un arma de fuego en la comisión del delito.
Por su parte, la JLBP alegó que el hecho de que se le eliminara al recurrente la imputación sobre el uso del arma de fuego en la sentencia dictada por el T.P.I. no alteró la inelegibilidad de éste para ser beneficiario del *942 privilegio de libertad bajo palabra. Indicó que el caso aplicable a la situación de autos es Pueblo v. Álvarez Rodríguez, 154 D.P.R. _ (2001), 2001 J.T.S. 108, ya que según su análisis en el mismo, el Tribunal Supremo establece que “no se trata de que la persona sea declarada culpable de una infracción a la Ley de Armas, sino de que se le acuse de haber usado un arma en un delito grave”. No le asiste la razón; el caso de autos es distinguible al de Pueblo v. Álvarez Rodríguez, supra, ya que en este último la acusada resultó convicta por el delito de homicidio y de la utilización de un arma de fuego én la comisión del mismo.
Pretender que la denuncia o acusación presentada en la etapas iniciales del encausamiento criminal sea el elemento determinante a considerar por la JLBP para concluir que una persona utilizó un arma de fuego en la comisión de un delito grave o su tentativa, para excluirla de poder ser beneficiaría del privilegio de libertad bajo palabra, es un error. Debe enfatizarse sobre el hecho de que el recurrente fue sentenciado únicamente por el delito de asesinato en segundo grado.
La intención legislativa de la Ley Núm. 33, supra, fue que la determinación de si se usó o no una arma de fuego en la comisión de un delito se hiciera en virtud de la sentencia final y firme emitida por el tribunal y no por las denuncias, acusaciones, órdenes de arresto u otros documentos que pudieran formar parte del expediente del convicto, ello en vista de que precisamente la disposición estatutaria hace referencia a las personas convictas.
El Ministerio Público puede, dentro de las facultades que le confiere la Regla 72 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 72, “proponer una sentencia en específico”, lo que implica negociar la convicción de un delito de mayor grado por otro delito inferior, eliminar o incluir determinada alegación en la acusación, entre otras cosas.
El delito o lós delitos por los cuales se declare culpable el acusado, entiéndase los así establecidos en la sentencia, serán los que, si fuere necesario, considerará la JLBP para determinar se asume jurisdicción sobre alguna solicitud del privilegio de libertad bajo palabra, y si concede o no el mismo.
Haciendo referencia a los convictos que al momento de la comisión del delito poseen licencia para portar armas de fuego expedida por el Estado, el Tribunal Supremo dejó claramente establecido en el caso Pueblo v. Negrón Caldero, supra, que éstos (los convictos) ya han pasado por el cedazo de la autoridad para su otorgamiento, no son criminales habituales que cometen delitos. Añadió que sostener que estas personas están excluidas del beneficio de sentencia suspendida conlleva un resultado ilógico y no querido por el legislador.
Aunque obviáramos el hecho de que el recurrente al momento de la comisión del delito tenía licencia válida para portar un arma de fuego expedida por el Estado; y consideráramos solamente que el delito por el cual fue hallado culpable según la sentencia dictada por el T.P.I. emitida el 3 de mayo de 2004 fue asesinato en segundo grado, y que se le eliminó la alegación de un la utilización de un arma de fuego en la comisión del referido delito, entendemos que el recurrente no está incluido dentro del grupo de convictos que la Ley Núm. 33, supra, excluye como posibles beneficiarios del privilegio de libertad bajo palabra.
IV
Disposición del Recurso
Por los fundamentos antes expuestos, se revoca la resolución de la Junta de Libertad Bajo Palabra del 15 de ■' abril de 2004, y en consecuencia determinamos que en virtud de lo dispuesto en la Ley Núm. 33, supra, la Junta tiene jurisdicción para atender la solicitud del recurrente. Se devuelve el caso a dicha agencia administrativa para la continuación de los procedimientos de modo compatible con lo aquí resuelto.
*943 Notifíquese.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIOS 2005 DTA 32
1. Artículo 83 del Código Penal de Puerto Rico, 33 L.P.R.A. see. 4001.
2. Ley Núm. 17 de 19 de enero de 1951,4 L.P.R.A. see. 411 etseq.
3. Conforme a la Regla 72 de las de Procedimiento Criminal vigentes, 34 L.P.R.A. Ap. II, R. 72.
4. Apéndice del recurrente, pág. 21.
5. Apéndice del recurrente, págs. 26-37.
6. Artículo II, sección 11, de la Constitución del Estado Libre Asociado de Puerto Rico.
7. El Tribunal Supremo de Puertp Rico ha resuelto que la sentencia es el pronunciamiento judicial de la pena que se le impone al acusado tras un fallo o veredicto de culpabilidad. Pueblo v. Ramos Muñoz, 160 D.P.R. _ (2003), 2003 J.T.S. 173; Pueblo v. Martínez Lugo, 150 D.P.R. _ (2000), 2000 J.T.S. 39; Pueblo v. Tribunal Superior, 94 D.P.R. 220, 223 (1967).
8. Ley Núm. 404 de 11 de septiembre de 2000, según enmendada.
9. Ley/Núm. 259 de 3 de abril de 1946, según enmendada, 34 L.P.R.A. see. 1026 etseq.
10. Apéndice del recurrente, págs. 26-37.
11. La Regla 72, supra, dispone que un acusado puede iniciar conversaciones con miras a declararse culpable tanto del delito por el cual es acusado como por uno de grado inferior o relacionado, a cambio de que el fiscal esté comprometido a realizar uno o más de los siguientes actos: (a) pedir que archiven otros cargos presentados en contra del acusado que estén tramitando; (b) suprimir cualquier alegación de reincidencia del acusado; (c) proponer sentencia en específico o no oponerse a la solicitud que realice el acusado con relación a determinada sentencia, aclarando al imputado que ninguno de estos dos cursos de acción serán obligatorios para el tribunal; o (d) convenir que cierta sentencia en especial dispone adecuadamente del asunto. Pueblo v. Santiago Agricourt, 147 D.P.R. 179 (1998).