## Ex Parte Toro.

Solicitud para que se expida mandamiento de Habeas Corpus.

No. 37.—Resuelto en Noviembre 10, 1904.

Apelación—Suspensión de Ejecución de la Sentencia.—Una apelación para ante el Tribunal Supremo, de una sentencia condenatoria dictada en causa criminal, suspende la ejecución de la misma.

Id.—Las disposiciones del art. 2 de la. Ley de Marzo 10, 1904, para enmendar los artículos 48 y 50 del Código de Enjuiciamiento Criminal no derogan ni modifican en modo alguno las de la Sección 4 de la Ley de Marzo 12, 1903, para enmendar y derogar determinados artículos del citado Código, las que disponen se suspenda la ejecución de la sentencia al interponerse apelación.

Id.—Habeas Corpus—Fianza—Prisión Ilegal.—Si á un acusado en causa criminal se le negare el derecho de prestar fianza para permanecer en libertad mientras se resuelve la apelación que hubiera interpuesto contra la sentencia condenatoria, su prisión es ilegal, y el procedimiento de Habeas Corpus es adecuado para ponerle en libertad, prévia prestación de fianza con arreglo á ley.

La solicitud fué presentada al Juez Asociado.. *Sr. Hernandez* en su despacho.

Los hechos están expresados en la opinión.

Abogado del peticionario : *Sr. Torres Monge.*

Abogado del Pueblo : *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Hernández, emitió la siguiente opinión.

*Resultando:* que Don Carlos Toro Fernandez se encuentra en la Cárcel de Humacao; sujeto á cumplimiento de sentencia que en grado de apelación dictó la Corte de dicho Distrito, por la que se le condenó á la pena de 500 dollars de multa y 30 dollars con 65 centavos de costas, ó un año de cárcel, y que contra dicha sentencia ha interpuesto recurso de apelación para ante esta Corte Suprema, con súplica de que se suspenda la ejecución del fallo prévia préstación de fianza y libertad del mismo, mientras se resuelva la apelación.

*Resultando:* que á esa pretensión proveyó la Corte de

Humacao que Toro Fernandez puede apelar, pero quedando en vigor la ejecución de la sentencia dictada; por lo que ha ejercitado aquél el recurso de Habeas Corpus, para que se le ponga en libertad, prévia prestación de fianza, que está dispuesto á prestar.

*Considerando:* que el artículo 353 del Código de Enjuiciamiento Criminal, ha quedado derogado por la Sección 4a. de la Ley aprobada en 12 de marzo del año próximo pasado, para enmendar y derogar ciertos artículos del citado Código, pues esa sección 4a. prescribe terminantemente que una apelación para ante la Corte Suprema, de una sentencia condenatoria, suspende la ejecución de la misma, sin que derogue ó modifique dicha sección el artículo 2 de la Ley de 10 de marzo último, para enmendar los artículos 48 y 50 del Código de Enjuiciamiento Criminal y para otros fines; por todo lo cual, es obvio que Toro Fernandez se encuentra ilegalmente preso, habiendo ofrecido, como ha ofrecido, fianza para gozar de libertad, mientras se resuelve el recurso de apelación interpuesto.

Póngase en libertad á Don Carlos Toro Fernandez tan pronto preste fianza por valor de 500 dollars con dos fiadores á satisfacción del Secretario de esta Corte, para responder del cumplimiento del fallo que se dictó en el recurso de apelación interpuesto por dicho Toro Fernandez, y devuélvanse al Secretario de la Corte de Humacao las actuaciones que ha remitido.