LUIS ARANA RODRÍGUEZ, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. GUILLERMO A. GIL RIVERA, JUEZ, demandado.

*Número:* C-64-88     *Resuelto:* 26 de marzo de 1965

*Luis Muñoz Rivera,* abogado del peticionario; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El peticionario Luis Arana Rodríguez fue convicto de una infracción a la Sec. 5-801 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1041, por conducir un vehículo de motor bajo la influencia de bebidas embriagantes. El día 24 de septiembre de 1964 se le condenó a cumplir una pena de dos meses de cárcel y se dispuso la suspensión de su licencia de conductor por un término de dos años. En la misma fecha apeló para ante este Tribunal y prestó la fianza que le fuera exigida para permanecer en libertad mientras se tramita el recurso.

En el acto del pronunciamiento de sentencia, conforme a lo provisto en la Sec. 11-102 de la ley mencionada, 9 L.P.R.A. sec. 1701, el juez se incautó de la licencia de conductor del peticionario. (1) En 27 de octubre el apelante solicitó se le devolviera la licencia arguyendo que la apelación entablada había dejado sin efecto la sentencia objeto del recurso. Recayó resolución denegatoria por entender el juez a quo que ello era improcedente. Para revisar esta actuación expedimos auto de *certiorari.*

El Procurador General coincide con el peticionario en que el juez recurrido incidió en error. Así es.

_____

(1) La licencia obra unida a los autos originales de la causa criminal. No fue remitida al Secretario de Obras Públicas.

■ Es preciso señalar inmediatamente que la suspensión de la licencia que se decretó por el tribunal forma parte de la penalidad provista por la Sec. 5-802, 9 L.P.R.A. sec. 1042, para los declarados incursos en el delito de manejar en estado de embriaguez. Dice el inciso (d) que en caso de una primera convicción, "*además* de las penalidades indicadas, el tribunal decretará la suspensión de la licencia de conducir por un período que no podrá ser menor de un año ni mayor de dos años.([2]) Se trata pues de una misma sentencia que no es aún firme por encontrarse en trámite el recurso de apelación interpuesto.

■ Siendo ello así, es claro que la oportuna presentación del escrito de apelación suspendió la ejecución de la sentencia dictada. Es de estricta aplicación la Regla 197(a) de las de Procedimiento Criminal de 1963 que dispone que "Una apelación ante el Tribunal Supremo de una sentencia condenatoria . . . suspenderá la ejecución de la sentencia." *Pueblo* v. *Barrios*, 23 D.P.R. 209 (1915); *Ex parte Toro*, 7 D.P.R. 454 (1904); cf. *Pueblo* v. *Matos Rodríguez*, 91 D.P.R. 635 (1965). Como acertadamente señala el delegado del Procurador General, "el término de reclusión y la suspensión de la licencia de conducir son parte de la misma sentencia, ya que dependen de la determinación del juzgador de que el acusado ha cometido el delito de conducir un vehículo mientras se encuentra en estado de embriaguez."

En *Pueblo* v. *Pérez Escobar*, 91 D.P.R. 10 (1964), rechazamos el pronunciamiento del juez sentenciador al efecto de que la suspensión decretada comenzaría a contar a partir de la fecha en que el acusado extinguiera la pena que le había sido impuesta y recobrara su libertad. Dijimos que una consideración de distintas disposiciones de la ley llevaba a la

---

([2]) No se trata de la revocación de la licencia por rehusar someterse a uno de los análisis químicos a que se refiere el inciso (c) de la Sec. 5-804, 9 L.P.R.A. sec. 1044. Véanse, *Pueblo* v. *Otero Valle*, 89 D.P.R. 73 (1963); *Pueblo* v. *Tribunal Superior*, 86 D.P.R. 834 (1962) y *Pueblo* v. *Tribunal Superior*, 91 D.P.R. 621 (1964).

inevitable conclusión de que dicho término se cuenta a partir de la fecha de la convicción. Pero ello no quiere decir que si se entabla recurso de apelación se puede privar al acusado de su licencia mientras se tramita la misma, ya que si se revocara la sentencia se le estaría privando de conducir por un período determinado sin que existiera una convicción que lo justificara. Cf. la Sec. 9-104, 9 L.P.R.A. sec. 1494, que se refiere a la entrega de la licencia en los casos en que es aplicable el procedimiento de denuncia y citación simultáneas. [3]

██ *Se anulará la resolución dictada por el Tribunal Superior, Sala de San Juan, en 16 de noviembre de 1964, y se ordenará al Secretario de dicho tribunal que desglose y entregue al peticionario su licencia de conducir, hasta que se resuelva el recurso de apelación aún pendiente.*

---

[3] En caso de confirmarse la sentencia deberá abonarse al término de suspensión decretado el período durante el cual el peticionario ha estado privado de su licencia, o sea desde el 24 de septiembre de 1964 hasta la fecha en que en cumplimiento de lo aquí ordenado, se le haga entrega de la misma.