EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE AGUADILLA, HON. MODESTO VELÁZQUEZ FLORES, JUEZ, demandado; ÁNGEL NIEVES ACEVEDO, interventor.

*Numero:* C-66-104 *Resuelto:* 20 de marzo de 1967

*J. F. Rodríguez Rivera, Procurador General Interino, y Américo Serra, Procurador General Auxiliar,* abogados del peticionario; *Luis Alfredo Colón,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue juzgado en 15 de diciembre de 1964 por el delito de conducir un vehículo de motor estando bajo los efectos de bebidas embriagantes. El Tribunal, luego de oir la prueba, se reservó el fallo por espacio de 9 meses, lo cual, de no haber una razón que lo justifique, lo que ignoramos, es una mala práctica pues si el acusado resulta ser inocente es injusto tenerlo todo ese largo tiempo en esa condición de incertidumbre y preocupación, y si es culpable la injusticia es para con el pueblo y se lesiona la debida administración de aquélla.

En 7 de septiembre de 1965 el Tribunal declaró culpable al acusado, lo sentenció a pagar $100.00 de multa y además ordenó la suspensión de su licencia de conductor por un período de un año, pero hizo dicha suspensión retroactiva al 14 de agosto de 1964, fecha en que el acusado fue sorprendido conduciendo el vehículo bajo los efectos de bebidas embriagantes. La suspensión de la licencia, pues, se tornó académica e inoperante porque a la fecha de la sentencia ya había transcurrido más de un año desde el día 14 de agosto de 1964. Ese mismo día en que fue sentenciado—el 7 de septiembre de 1965—el convicto pagó la multa de $100.00 que le fuera impuesta.

En 9 de septiembre de 1965 el fiscal solicitó del Tribunal sentenciador la corrección de la sentencia en cuanto a la fecha en que debía empezar a correr el período de suspensión de la licencia. La vista de la moción sobre corrección de sentencia se celebró en 29 de agosto de 1966. A dicha vista compareció el acusado mediante abogado y allí solicitó que se reconsiderase el caso en su fondo. En ausencia del fiscal así lo hizo el Tribunal; varió su fallo y absolvió al ya convicto acusado.

A solicitud del Procurador General expedimos auto de *certiorari* para revisar dichos procedimientos.

 No hay duda de que el fiscal podía solicitar la corrección de la sentencia, Regla 185 de las de Procedimiento Criminal; *González de Jesús* v. *Jefe Penitenciaría*, 90 D.P.R. 31 (1964) y autoridades allí citadas. En efecto, procedía tal corrección pues la sentencia era errónea. El punto de partida para computar el término de la suspensión de la licencia es la fecha de la convicción. *Arana Rodríguez* v. *Tribunal Superior*, 92 D.P.R. 145 (1965); *Pueblo* v. *Pérez Escobar*, 91 D.P.R. 10 (1964).

 Sin embargo, el hecho de que se presente una moción para corregir una sentencia errónea, no autoriza al

Tribunal a dejar sin efecto o alterar *el fallo* anteriormente pronunciado válida y legalmente. La Regla 185 de Procedimiento Criminal trata de las correcciones de *sentencias* y de las rebajas de las mismas, no de variar o dejar sin efecto los fallos.(¹) Como se sabe, "fallo" es el pronunciamiento hecho por el Tribunal condenando o absolviendo a un acusado. "Sentencia" es el pronunciamiento hecho por el Tribunal en cuanto a la pena que se le impone al acusado. Reglas 160 y 162 de Procedimiento Criminal.

■ Nótese además que si se hubiese tratado de una rebaja de la sentencia ya tampoco tenía facultad el Tribunal para hacerlo pues habían transcurrido más de los 90 días de aquélla haber sido dictada. Regla 185.

*Por las razones antes expuestas se dictará una Sentencia que (a) dejará sin efecto la sentencia absolutoria de 29 de agosto de 1966; (b) que dejará en efecto la convicción habida mediante la sentencia original de 7 de septiembre de 1965; (c) que modificará dicha sentencia original eliminándole la parte que hace retroactiva a 14 de agosto de 1964 la suspensión de la licencia; (d) que expresará que el término mandatorio por ley de suspensión de la licencia debió correr desde la fecha de la convicción, pero que no habiéndose cumplido esta parte de la sentencia la misma se cumplirá por el término mínimo mandatorio de un año, comenzando a correr dicho término desde la fecha de esta sentencia.*

---

(¹) Véanse *Hill* v. *United States*, 368 U.S. 424, 430 (1962); *Simmons* v. *United States*, 302 F.2d 71, 80 (1962); interpretativos de la regla federal similar a la Regla 185 nuestra.