ANGEL LUIS BON MATOS, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. GUILLERMO GIL RIVERA, JUEZ, demandado.

*Número:* O-73-218       *Resuelto:* 9 de abril de 1975

*Carlos R. Noriega* y *Manuel A. Durán,* abogados del peticionario; *Myriam Naveira de Rodón, Procuradora General,* y *Adolfo J. Vila, Procurador General Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El peticionario fue acusado y convicto del delito de homicidio involuntario al arrollar con su vehículo de motor a un peatón. Se dictó sentencia condenándolo a sufrir dos años de cárcel. Se le suspendió el uso de su licencia de conducir por el término de un año a ser contado desde que cumpliese la sen-

tencia de cárcel según lo requiere la ley. La sentencia fue suspendida concediéndosele libertad a prueba con la condición de que no manejase vehículos de motor durante el período de libertad a prueba. Apeló y radicó "Moción sobre devolución de licencia" ante el Tribunal Superior en la cual adujo que la radicación de la apelación tenía como resultado la suspensión de los efectos de la sentencia y que como la condición especial de revocación del uso de la licencia era parte de la sentencia, al ésta quedar sin efecto, también quedaba en suspenso la prohibición de conducir. El tribunal de instancia ordenó la devolución de la licencia pero sólo para ser usada como identificación por ser la prohibición de manejar la condición impuesta por el tribunal de instancia para conceder al peticionario su libertad. Por considerar errónea esta determinación, el peticionario radicó solicitud de *certiorari* ante este Tribunal. El peticionario basa su contención en la Regla 197 (a) de las de Procedimiento Criminal y en el caso de *Arana Rodríguez* v. *Tribunal Superior*, 92 D.P.R. 145 (1965).

La Regla 197 inciso (a) establece el principio de que la apelación de una sentencia suspende la ejecución. El inciso (b) contempla la situación en que se haya concedido una sentencia suspendida y ésta se haya apelado al Tribunal Supremo. Se establece que "una apelación ante el Tribunal Supremo de una sentencia condenatoria, no suspenderá los efectos de una orden disponiendo que el acusado quede en libertad a prueba." Seguidamente enuncia que "Mientras se sustancia la apelación, el tribunal sentenciador conservará su facultad para modificar las condiciones de la libertad a prueba o para revocarla."

El inciso (b) de la Regla 197 codifica la doctrina expuesta por este Tribunal en *Pueblo* v. *Vélez*, 76 D.P.R. 142 (1954). En *Vélez* resolvimos que la mera interposición de una apelación no dejaba sin efecto una sentencia cuya ejecución se suspendiese. Se estableció que el radicar una apelación en nada afectaba la orden y condiciones de la libertad a prueba que

ha sido otorgada a un convicto, ya que la libertad a prueba solo podrá ser revocada si el acusado viola las condiciones bajo las cuales ésta se le ha concedido. Como allí expresamos: "... una cosa es la sentencia condenatoria y otra lo es la orden poniendo bajo libertad a prueba a la persona sentenciada. El hecho de que se apelara la sentencia en sí en nada tenía que ver con dicha gracia. . . ." *Pueblo* v. *Vélez*, supra, pág. 150. Si la interposición de un recurso de apelación no afecta la concesión de libertad a prueba tampoco afecta las condiciones que se impusieron para concederla.

El peticionario alega que el cumplimiento de la referida condición mientras se tramita la apelación es contrario a lo expresado por el caso de *Arana Rodríguez* v. *Tribunal Superior*, 92 D.P.R. 145 (1965). *Arana* envuelve la situación de un acusado convicto por el delito de manejar vehículos de motor bajo los efectos de bebidas embriagantes. Se le suspendió la licencia de conducir por un término de dos años, en adición a una condena de dos meses de cárcel. En estos casos la suspensión de la licencia es parte de la sentencia (Ley de Vehículos y Tránsito Sec. 5-802 (d), 9 L.P.R.A. sec. 1042 (d) ). El acusado apeló al Tribunal Supremo. La apelación suspendió los efectos de la sentencia. Por eso se ordenó la entrega al peticionario de su licencia de conducir mientras se sustanciaba la apelación.

La situación de hechos del caso de autos es distinta. Aquí el peticionario fue objeto del beneficio de sentencia suspendida y, por lo tanto, el tribunal sentenciador no podía concederle el uso efectivo de la licencia de conducir mientras se sustanciaba la apelación ya que la prohibición de su uso fue la condición misma de la concesión de libertad a prueba. Como antes expresamos, si la apelación no afectaba la concesión de la libertad a prueba necesariamente no podía afectar las condiciones que se impusieron para concederla.

*Por los fundamentos antes expuestos, se anulará el auto expedido y se confirmará la resolución recurrida.*